IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SARAH RAY, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-CV-1055-KHV-JPO |
| ) | |
| AETNA LIFE INSURANCE COMPANY and ) | |
| BANK OF AMERICA SHORT-TERM ) | |
| DISABILITY PLAN, ) | |
|     Defendants. ) | |

## JOINT PROTECTIVE ORDER

On this date, the Court considered the Joint Protective Order requesting that certain documents and testimony concerning medical records and other personal information of plaintiff, and personnel information of past and present employees of defendants, defendants' proprietary business practices, trade secrets, financial information, business procedures, and other non-public information about the defendants, which may be produced, provided or otherwise disclosed in this case be subject to an appropriate protective order. Pursuant to Fed. R. Civ. P. 26(c), the need to prevent unnecessary disclosure of this confidential information is good cause for entry of a protective order and it is hereby ORDERED that:

    1.    Pursuant to this Joint Protective Order, any party may designate certain information, whether by document or testimony or otherwise, as "Confidential" subject to the terms of this Joint Protective Order where it believes in good faith that such materials contain or reflect:

        a.    confidential personnel information of current and former employees;

      b.    confidential medical records, financial records, therapy and psychiatric records and related information of plaintiff and other current or former employees of defendants; or

      c.    defendants' proprietary business practices, trade secrets, financial information, business procedures, and other non-public information.

2.    Documents or other information may be designated as confidential by marking them with the word "Confidential" prior to production or transmission to any of the parties to this Joint Protective Order or by a letter referencing the documents stating that the documents should be treated as "Confidential" under this Joint Protective Order.

3.    Information disclosed at the deposition of a party or one of its present or former employees, agents, contractors, or of independent experts retained by a party for purposes of this litigation may be designated by the party as "Confidential" information by stating on the record at the deposition that the testimony is confidential and subject to the provisions of this Joint Protective Order.  The party may also designate information disclosed at a deposition as "Confidential" by notifying all parties in writing, within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript which are confidential.  Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in the party's possession, custody or control.  Any party may contest the designation of information disclosed at a deposition as "Confidential" by applying to the Court for a ruling on the matter, but such information must be treated as confidential until the Court rules on the matter.  Until expiration of the thirty-day period, the deposition transcript will be treated as subject to protection against disclosure under this Joint Protective Order.

4. "Confidential" information shall be used solely for the purpose of this litigation.

5. Access to confidential material produced subject to this Joint Protective Order and designated as "Confidential" shall be specifically limited to the Court and its officers, parties to this lawsuit, counsel to the parties (including persons regularly employed by counsel), witnesses as necessary, and independent experts who are consulted or who are expected to testify at trial.  The parties and their counsel shall exercise their best efforts to prevent unauthorized disclosure of confidential materials.  Experts and witnesses shall be informed by the party designating such experts and witnesses of the provisions of this Joint Protective Order and shall agree to be bound by its terms before prior to the disclosure of "Confidential" information to such authorized persons.

6. In the event, at any stage of the proceedings, any party to this litigation disagrees with designation of any information as "Confidential," the parties shall first try to resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved informally, the party opposing the confidentiality designation may apply for appropriate relief to this Court, which will be permitted to conduct an *in camera* inspection of the challenged materials.

7. All originals and copies of the "Confidential" information, together with any extracts or summaries thereof, except for documents that become part of the public record in proceedings in this Court, shall be returned to the Producing Party or destroyed within 90 days of the final disposition of this litigation, whether by dismissal, settlement,

judgment or appeal, and any notes or other records regarding the "Confidential" information shall be destroyed.  This paragraph shall not apply to court personnel.

8. If a party wishes to use any "Confidential" information in any affidavits, briefs, memoranda of law, oral argument, or other papers filed in this Court in this litigation, such papers or transcript may be filed under seal only upon separate, specific motion and later order of the court.

9. Nothing in this Joint Protective Order shall preclude any party from using its own confidential documents or information in any manner it sees fit, or from revealing such confidential documents or information to whomever it chooses, without the prior consent of any other party or of this Court.

10. This Joint Protective Order shall remain in full force and effect until such time as it is modified, amended or rescinded by the Court or until such time as the parties may petition the Court to modify or amend its terms.

IT IS SO ORDERED.

Entered this 1st day of June, 2012, at Kansas City, Kansas.

  s/ James P. O'Hara
James P. O'Hara
United States Magistrate Judge